UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willow Run Condominium Homeowners Association, Inc., | ) | C/A No.: 4:16-2706-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| UNC 23, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant UNC 23, LLC, attempted to proceed *pro se* through Jesse Yates, a non-party and non-attorney[1], to remove the instant action from the Horry County Court of Common Pleas to this Court. The Plaintiff[2], a homeowners association, brought this action in state court concerning state law claims of foreclosure of an association lien and money judgment for past due assessments. This matter is before the Court pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, this matter should be remanded to state court, as the Court is without jurisdiction.

The undersigned entered an Order on August 9, 2016, giving Defendant 30 days to retain counsel. After further review, based on the logic and reasoning set forth in that Order, this case was not properly removed to this Court and this Court lacks jurisdiction.

The removal of civil actions to federal court is governed by 28 U.S.C. § 1441. Under §

---

[1] The court searched the South Carolina Bar Directory and no person by the name of Jesse Yates is listed as being an attorney.

[2] Any obligation the Plaintiff may have pursuant to Rule 26.01 is hereby stayed pending final resolution of this issue.

1441(a)'s plain language only a named defendant may remove a civil action brought in state court.

The Fourth Circuit Court of Appeals has stated in regard to standing and jurisdiction:

> It is axiomatic in our legal system, however, that standing concerns must be brought out by a court at any time during a proceeding, for without proper standing there would exist no case or controversy for a court to decide. Thus, standing is not waivable by the parties. See, e.g., *Juidice v. Vail*, 430 U.S. 327, 331 (1977) ("Although raised by neither of the parties, we are first obliged to examine the standing of appellees, as a matter of the case-or-controversy requirement associated with Art. III"); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 488 n. 4 (1980) (Rehnquist, J., dissenting) ("Although respondents have not challenged Boeing's standing, we are obligated to consider the issue *sua sponte*, if necessary"); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1223 (4th Cir.1980) ("whether raised or not, jurisdictional standing is an issue to be considered *sua sponte* by the court").

*Allstate Ins. Co. v. Adkins*, 932 F.2d 963 (4th Cir. 1991)(per curiam).

Jesse Yates filed the Notice of Removal in this case. Mr. Yates is not a defendant within the meaning of § 1441(a); Jesse Yates is not an attorney representing the LLC defendant. A non-party lacks standing to invoke a district court's removal jurisdiction under § 1441 and 28 U.S.C. § 1446. Therefore, Mr. Yates has no standing to remove this action. Thus, this Court lacks jurisdiction and this matter should be remanded to state court.

## RECOMMENDATION

In sum, the Court lacks subject matter jurisdiction in this matter. Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Horry County Court of Common Pleas.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 11, 2016
Florence, South Carolina

The parties' attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, SC 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).